LAW OFFICES OF RICHARD A. LOVE
RICHARD A. LOVE (#61944)
11601 Wilshire Boulevard, Suite 2000
Los Angeles, California 90025
Telephone: (310) 477-2070
Facsimile: (310) 477-3922
Email: rlove@love-law.net

Attorneys for Third Party Witness
LISA ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE:

REMEC INCORPORATED SECURITIES LITIGATION

This Document Relates to:

ALL ACTIONS

CASE NO. CV 08 80 124 MISC. (EDL)

[04 CV 1948 JLS (AJB)
Southern District of California]

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY THIRD PARTY WITNESS LISA ROBINSON TO:

(1) QUASH AND/OR MODIFY DEPOSITION SUBPOENAS;

AND/OR

(2) FOR PROTECTIVE ORDER.

Date: August 5, 2008
Time: 9:00 a.m.
Judge: Hon. Elizabeth D. Laporte
Crtrm: E

Independent third-party witness and moving party Lisa Robinson hereby files her Reply Memorandum of Points and Authorities in support of her motion(s) (1) to quash and/or modify the Deposition Subpoenas (Records Only) issued to Tosco, Peregrine Systems/Hewlett-Packard, and Sorrento Networks c/o Zhone Technologies, Inc (the "Northern District Subpoenas"); and (2) for a protective order.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

> "And of course, pretrial discovery is a fishing expedition and one can't know what one has caught until one fishes. But Fed.R.Civ.P. 45(c) allows the fish to object, and when they do so the fisherman has to come up with more . . ." [1]

I. SUMMARY OF REPLY.

The minnow objects to the Northern District Subpoenas. Defendants have not carried their burden to "come up with more", and have failed to justify or support what is an unnecessary, obtrusive, harassing, and punitive inquiry into a collateral witness's private affairs and history. Lisa Robinson's motion to quash the Northern District Subpoenas, and for a protective order, must be granted:

1. Moving party has privacy rights under any Federal or state analysis, and is not stripped of her privacy rights by the expedient of defendants issuing the Northern District Subpoenas for any records referencing her in the possession of Tosco, Peregrine Systems/Hewlett-Packard, or Sorrento Networks c/o Zhone Technologies, Inc.;

2. Defendants have not carried their burden of demonstrating an actual need for any specific documents, let alone the vast, nebulous array of documents sought from the specific entities subject to the Northern District Subpoenas, or how the denial of such nebulous discovery will somehow result in a miscarriage of justice in this matter;

3. Ms. Robinson's educational or employment records are not relevant to the Remec Securities Litigation: her role in this litigation is limited to less than three months employment with Remec, Inc., and the alleged turning over of documents which demonstrate securities law violations by defendants; there is no attempt to show how any collateral issue of her "bias or credibility" warrants the production under the Northern District Subpoenas, or is germane to the central issues or subject of securities fraud;

---

[1] *Northwestern Memorial v. Ashcroft*, 362 F.3d 923, 931 (7th Cir.2004), quoted in *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 682 (N.D. Cal. 2006).

4. The refusal of defendants to withdraw, modify, or narrow the Northern District subpoenas' demand for "any and all documents" speaks volumes concerning their actual intent - harassment and witness intimidation - and the lack or real need or justification for such an overly intrusive invasion of privacy.

II. PRIVACY RIGHTS.

A. General Federal Privacy Protection.

Defendants claim Ms. Robinson has no right of privacy to protect against the disclosure of her employment and education records. Opposition: 5/15 to 7/8. Defendants are wrong. The witness, a California resident, is not a party to the litigation, but rather has been dragged into the matter. Federal Courts routinely observe and protect a person's right of privacy in records, whether on the basis of mandatory application of state privacy laws in a diversity case, comity or deference to state privacy laws in a Federal question matter,[2] the witness's federal common law right to privacy,[3] or as part of the inquiry into privacy concerns implicit within the limitations of Rule 26 disclosures[4] and other discovery limitations.[5] And, defendants ultimately concede the Court may at the least

---

[2] *Gottlieb v. Wiles*, 143 F.R.D. 235, 238 (D. Colo. 1992); *Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal.1987); *Skibo v. New York*, 109 F.R.D.58 (E.D.N.Y.1985).

[3] *Griswold v. State of Connecticut*, 381 US 479, 484, 85 S.Ct. 1678, 1681 (1985); *Palay v. Superior Court*, 18 Cal.App.4th 919, 931 (1993).

[4] "Although the Rule [26] contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n. 21, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984) - quoted in *Humphreys v. Regents of University of Cal*. [Not Reported in F.Supp.2d] 2006 WL 335275 Fn. 2. [N.D.Cal. 2006].

[5] *Keith H. v. Long Beach Unified School Dist*., 228 F.R.D. 652 (C.D. Cal. 2005), citing *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995); *Johnson ex rel. Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992); *Breed v. United States District Court*., 542 F.2d 1114, 1116 (9th Cir.1976); cf: Rutter, *Cal. Prac. Guide Fed. Civ. Pro. Before Trial* Ch. 11(III)-B § 11:991.

reference or rely upon state privacy laws. Opposition: Fn. 7, 6/27-28.

B. On Balance, No Specific Need or Justification Shown by Defendants to Overcome the Witnesses's Privacy Rights in Personnel or Education Files.

Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the privacy right of an individual. *Putnam v. Eli Lilly and Co.*, 508 F.Supp.2d 812, 814 (C.D.Cal. 2007) ( ". . . the Court has balanced defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff."); *Ragge v. MCA/Universal Studios*, 165 FRD 601, 604 (C.D. Cal. 1995). Defendants failed to carry their burden to show relevance or necessity of the documents sought under Northern District Subpoenas to overcome plaintiff's right of privacy.

Contrary to defendants' assertion or suggestion, *Ragge*, supra, does not stand for the proposition that all personnel, employment or educational documents of any third party witness are both intrinsically necessary and universally discoverable as a matter of right (cf. Opposition: 6/9 to 7/8). Rather, *Ragge* demonstrates the analytical balancing approach in determining whether a right of privacy will preclude production, and within that privacy-relevancy balancing framework *Ragge* would not allow or compel the disclosures here sought.

First, *Ragge* involved the request for the personnel files of the individual defendants, all main actors and employees of the defendant employer in a sexual harassment case, circumstances where the Court found the harassing actors personnel files to clearly be relevant. *Ragge v. MCA/Universal Studios*, supra, 165 FRD at 604.[6]

---

[6] "Clearly there may be information in the named defendants' personnel files which is relevant to the subject matter of the pending action, whether a claim or defense, or to the credibility of a witness, as required by Rule 26(b). The documents pertaining to promotions or demotions, disciplinary proceedings, work performance reviews and

Second, the records requested in *Ragge* for the individual defendants were initially for their entire personnel files, but were later restricted by plaintiff to documents directly bearing on the sexual harassment and hostile work environment claims,[7] which the Court found to have struck a proper balance between the right of privacy and a legitimate need for discovery. *Id* at 605. In contrast, defendants here have tellingly demanded "any and all documents" in any file pertaining to any of the witness's employers or educational institutions, have not delineated how or in what manner such documents would bear on Ms. Robinson's bias or credibility or the "subject matter" of the litigation or fulfill any "legitimate or compelling need", have not sought to narrow or tailor the requests to anything arguably relevant to this litigation, and have not in any manner carried their burden of factually justifying such an oppressive intrusion into the witness's privacy.

In contrast to the facts supporting the personnel file production of the individual defendants in *Ragge*, Ms. Robinson is a non-party witness, not involved in the acts or omissions underlying the claims of securities fraud, as to whom defendants refuse to identify documents or even categories of documents which would in any manner be relevant or appropriate to any assertion of "credibility or bias", and have refused in any manner to limit the nature, type, or number of documents sought or requested from this tangential witness. Under these facts, or rather due to the lack of facts to justify production, defendants have failed to carry their burden of demonstrating relevancy (infra), or any real need or necessity for the requested productions sufficient to overcome Ms. Robinson's rights of privacy in her employment or educational records.

---

evaluations, and complaints, are relevant, among other things, to the employer's knowledge of a hostile work environment. Such documents also pertain to the credibility of witnesses, including the named defendants, and provide a means to compare statements made during depositions to documents maintained by the employer." *Id* at 605.

[7] ". . . plaintiff narrowed the scope of discovery to those documents in the personnel files pertaining to promotions or demotions, disciplinary proceedings, work performance reviews or evaluations, employee and/or customer complaints, and 'other records which bear on character and/or each defendant's credibility.' *Id* at 603

III. NO RELEVANCE OF DOCUMENTS SOUGHT IN NORTHERN DISTRICT SUBPOENAS.

Discovery must be denied, however, where the information sought is simply not relevant - it all is too remote or collateral to any matter or issue involved in the case. Defendants have made no showing whatsoever how any documents specifically in the possession of Tosco, Peregrine Systems/Hewlett-Packard, or Sorrento Networks c/o Zhone Technologies, Inc are in any manner relevant or germane to this litigation. The bald assertion that there "... may be information in her employment and educational files which is relevant to her credibility . . ." (Opposition: 8/16-17) is wholly inadequate, bereft of any factual basis, and merely crass speculation

First, ". . . the standard of relevancy is not so liberal as to allow a party to ... explore matter which does not presently appear germane on the theory that it might conceivably become so." *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union, AFL–CIO–CLC*, 103 F.3d 1007, 1012–1013 (DC Cir. 1997); *Mack v. Great Atlantic & Pac. Tea Co.*, 871 F2d 179, 187 (1st Cir. 1989). Indeed, defendants' sole reason for the Northern District subpoenas is not that there is a need or necessity for the records, but rather "something may turn up".

Second, there is no showing how or in what manner the entirety of each and every personnel or education file of all prior employers of educational institutions of a three month employee has any bearing whatsoever on the issue of whether or to what extent defendants committed securities fraud. Defendants have not taken Ms. Robinson's deposition, and there is no showing of any present need for documentation concerning "credibility" in the abstract. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) [Shoen I] (disclosure denied where moving party failure to exhaust reasonable alternatives). More fundamentally, the central issue in the case appears to be whether defendants lied to the investing public. Any claimed issue of bias or credibility of this witness (even had Ms. Robinson's deposition been taken) is a collateral matter, with discovery of collateral employment or educational files not mandated or necessary to ensure a fundamentally fair

proceeding so as to override her privacy rights (*Shoen v. Shoen*, 48 F.3d 412, 418 (9th Cir. 1995) [Shoen II]).[8]

Defendants concede that their own documents support plaintiffs' securities fraud claims (Opposition: 2/4-5, 16-17), assert that Ms. Robinson is the person who provided those documents to plaintiffs counsel in the Remec litigation, and that somehow a "Proprietary Information and Invention Assignment Agreement" provides defendants with a contractual right to conceal or suppress evidence of their fraud from judicial scrutiny (Opposition: 3/15 to 4/10). The Northern District Subpoenas, on their face and in conjunction with the Southern District Subpoenas and Arizona District Subpoenas, are more supportive of the conclusion that this "discovery" request is nothing less than an all out, scorched earth, punitive and retaliatory attempt at oppression, harassment, and character assassination of a third party witness (cf. *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 813-814 (9th Cir. 2003)) as opposed to the discovery of facts which may be relevant to issues or subject matter of the case, or may lead to the discovery of admissible evidence.[9]

---

[8] "Similarly unavailing is plaintiffs' argument that Watkins' tapes and notes are important to their case because they might provide valuable impeachment material on the question of whether Leonard Shoen harbors ill will toward them. *To the extent the requested materials would demonstrate that Leonard Shoen was less than candid during his deposition, they do not relate to an important issue in this case.* Whether Leonard Shoen stated falsely during the deposition that he loved his sons is collateral; the important issue is whether he had actual malice at the time he made the allegedly defamatory statements." *Shoen v. Shoen*, supra, 48 F.3d at 418

[9] The danger and reality of retaliation by corporate defendants against "whistleblowers" is well known and documented. Cf. *Management Information Technologies, Inc. v. Alyeska Pipeline Service, Co.*, 151 F.R.D. 478, 481 (1993) - "The case law, academic studies, and newspaper accounts well document the kind of treatment that is usually visited upon public and private employees who speak out as a matter of conscience on issues of public concern. For example, a six-year study on whistleblowers by Myron Peretz Glazer and Penina Migdal Glazer details the full spectrum of management retaliation against ethical resistors who speak out against company or government policy and the long-term adverse consequences such employees can face.

IV. PROTECTIVE ORDER SHOULD ISSUE.

As set forth in the initial moving papers and above, the documents sought under the Northern District Subpoenas are private to Ms. Robinson, are not relevant to the issues in this litigation, and there has been no factual showing of any need or necessity for their productions. To the contrary, as set forth above, the nine subpoenas issued by defendants, of which the Northern District Subpoenas comprise three of the subpoenas, are to annoy, embarrass, and oppress the witness. Fed. R. Civ. Pro., Rule 26(c). To the extent there has been any compliance or production by the subpoenaed institutions prior to the hearing on this motion, and consistent with the witness's rights of privacy, pursuant to Rule 26(c) a protective order should issue ordering the Remec defendants, and their counsel, to not read, review or utilize any documents, or information set forth in the documents, received pursuant to the subpoenas prior to the noticed production date(s) and/or the hearing of this motion, and that the Remec defendants immediately turn over any documents so received to Ms. Robinson.

V. CONCLUSION.

For all of the reasons set forth herein, third party witness and moving party Lisa Robinson respectfully requests (1) an order of this Court quashing or limiting the Northern District Subpoenas, and/or (2) that a protective order issue that defendants be ordered not to read, review or utilize any documents received pursuant to the subpoenas prior to the noticed production date(s) and/or the hearing of this motion, and that the

////

////

////

---

See, Myron Peretz Glazer and Penina Migdal Glazer, *The Whistleblowers: Exposing Corruption in Government and Industry*, 231 (1990) (study of sixty-four whistleblowers showed significant percentage "remain out of work or underemployed, bitter about their punishment, and uncertain of ever being able to restore their lives fully").

Remec defendants turn over any documents so received to Ms. Robinson, and not review or utilize in any manner information obtained from the documents.

Dated: July 17, 2008

LAW OFFICES OF RICHARD A. LOVE

By: /s/ Richard A. Love
Richard A. Love
Attorneys for Third Party Witness
LISA ROBINSON
E-Mail: rlove@love-law.net

Mtn2Quash - San Francisco - Reply Ps As -.wpd

LAW OFFICES OF RICHARD A. LOVE
RICHARD A. LOVE (#61944)
11601 Wilshire Boulevard, Suite 2000
Los Angeles, California 90025
Telephone: (310) 477-2070
Facsimile: (310) 477-3922
Email: rlove@love-law.net

Attorneys for Third Party Witness
LISA ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>REMEC INCORPORATED SECURITIES LITIGATION<br>___________________________________<br>This Document Relates to:<br><br>ALL ACTIONS<br>___________________________________ | CASE NO. CV 08 80 124 MISC. EDL<br><br>[04 CV 1948 JLS (AJB)<br>Southern District of California]<br><br>PROOF OF SERVICE |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Law Offices of Richard A. Love, 11601 Wilshire Boulevard, Suite 2000, Los Angeles, California 90025-1756. On July 17, 2008 I served the within documents:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY THIRD PARTY WITNESS LISA ROBINSON TO: (1) QUASH AND/OR MODIFY DEPOSITION SUBPOENAS; AND/OR (2) FOR PROTECTIVE ORDER.**

[X]  By transmitting via email the document(s) listed above to the email addresses, as indicated below, on this date before 5:00 p.m.

[X]  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California addressed as set forth below.

[ ]  By placing the document(s) listed above in a sealed envelope with postage thereon, fully prepaid, and deposited with Federal Express overnight mail at Los Angeles, California, addressed as set forth below.

[ ]  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[X]  By transmitting via e-filing the document(s) listed above to the Case Management/Electronic Case filing system.

SEE BELOW LIST FOR ALL PARTIES SERVED

I declare that I am employed in the office of a member of th Bar of or permitted to practice before this Court at whose direction the service was made.

Executed on July 17, 2008 at Los Angeles, California.

/s/   Richard A. Love
Richard A. Love
Attorney for Third Party Witness
LISA ROBINSON
E-Mail: rlove@love-law.net

Mtn2Quash - San Francisco - POS6.wpd

**SERVICE LIST**
**IN RE: REMEC INCORPORATED SECURIITES LIITIGATION**
USDC CASE NO.: CV 08 80 124 MISC (EDL)

**Counsel for Plaintiffs**

Jeff S. Westerman
Cheryl A. Williams
Michiyo Michelle Furukawa
Andrew J. Sokolowski
MILBERG LLP
300 S. Grand Ave., Suite 3900
Los Angeles, CA 90071
Ph: 213-617-1200
Fax: 213-617-1975
cwilliams@milberg.com
mfurukawa@milberg.com
asokolowski@milberg.com

Neil Fraser
Lisa DeRose
Matt Bucher
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119-0165
Ph: 212-594-5300
Fax: 212-868-1229
nfraser@milberg.com
lderose@milberg.com
mbucher@milberg.com

Bruce G. Murphy
LAW OFFICE OF BRUCE G. MURPHY
265 Llwyd's Lane
Vero Beach, FL 32963
Ph: 561-231-4202
Fax: 561-231-4042
bgm@brucemurphy.biz

Blake M. Harper
HULETT HARPER STEWART LLP
550 West C Street, Suite 1600
San Diego, CA 92101
Ph: 619-338-1133
bmh@hulettharper.com

**Counsel for Defendants, REMEC, INC, RONALD E. RAGLAND and WINSTON E. HICKMAN**

Robert W. Brownlie
Paul A. Reynolds
Gerard A. Trippitelli
Noah A. Katsell
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Ph: 619-699-2700
Fax: 619-699-2701
Robert.Brownlie@dlapiper.com
Paul.Reynolds@dlapiper.com
Jerry.Trippitelli@dlapiper.com
Noah.Katsell@dlapiper.com

Mtn2Quash - San Francisco - POS6.wpd